**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4155**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

         v.

ENZO BLANKS, a/k/a Zo,

               Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.    Ellen  L.  Hollander,  District Judge. (1:13-cr-00512-ELH-2)

Submitted:  October 28, 2015        Decided:  November 24, 2015

Before SHEDD, DUNCAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barbara  E.  Kittay,  Rockville,  Maryland,  for  Appellant. Christopher  John  Romano,  Assistant  United  States  Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Enzo Blanks pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2012). Blanks and the Government negotiated a Fed. R. Crim. P. 11(c)(1)(C) agreement, stipulating that the parties agreed to imposition of the mandatory minimum 120-month sentence. In accordance with Anders v. California, 386 U.S. 738 (1967), Blanks' counsel has filed a brief certifying that there are no meritorious grounds for appeal but questioning whether the district court procedurally erred in imposing Blanks' sentence. Although notified of his right to do so, Blanks has not filed a pro se supplemental brief. We affirm the district court's judgment.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. 552 U.S. at 49-51.

2

If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any sentence that is within . . . a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." Id.

We review the district court's drug-quantity calculation and the application of a leadership enhancement for clear error. United States v. Cabrera-Beltran, 660 F.3d 742, 756 (4th Cir. 2011). The district court heard evidence and allowed the parties to argue their cases. We have reviewed the record and conclude that the district court's findings are not clearly erroneous. Our review of the record further shows no other procedural or substantive error. Additionally, the mandatory minimum sentence the district court imposed is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Blanks, in writing, of

3

the right to petition the Supreme Court of the United States for further review.  If Blanks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Blanks.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>